FILED

Clark T. Stirling (State Bar No. 129398)
Timothy Hale (State Bar No. 184882)
NYE, PEABODY, STIRLING & HALE, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 563-5385

2008 JAN 10 AM 10:53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Attorneys for Plaintiff
GUY HUDSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY HUDSON<br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF VENTURA, a public agency, VENTURA COUNTY SHERIFF'S DEPARTMENT, a public agency, SCOTT REEDER, an individual, WILLIAM MEIXNER, an individual, CHRISTOPHER CADMAN, an individual, and DOES 1 THROUGH 10, inclusive.<br><br>    Defendants. | Case No. CV08-00152<br>COMPLAINT FOR SVW (MANx)<br><br>1. VIOLATION OF 42 U.S.C. §1983<br>2. SUPERVISORY VIOLATION OF 42 U.S.C. §1983<br>3. VIOLATION OF CALIFORNIA CIVIL CODE §52.1<br>4. BATTERY<br>5. NEGLIGENCE<br>6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>DEMAND FOR JURY TRIAL |

Plaintiff GUY HUDSON ("plaintiff"), hereby complains against COUNTY OF VENTURA, a public agency, VENTURA COUNTY SHERIFF'S DEPARTMENT, a public agency, SCOTT REEDER, an individual, WILLIAM MEIXNER, an individual, CHRISTOPHER CADMAN, an individual, and DOES 1 THROUGH 10, inclusive (all defendants are sometimes referred to collectively as "defendants") and in support thereof alleges on information and belief the following:

- 1 -

COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This lawsuit arises out of the excessive use of force Defendants applied while arresting Plaintiff outside his home. On or about July 22, 2007, Defendants interviewed Plaintiff and thereafter informed him he was under arrest. In response to the arrest notification, Plaintiff, who at all times had been compliant and deferential, stood and began to maneuver his arms behind his neck. While his back was turned to the three VENTURA COUNTY SHERIFF'S DEPARTMENT officers involved, one of the officers charged Plaintiff and drove him head-first into the dirt and rock embankment immediately adjacent to where they had been talking. Plaintiff's head struck a rock, and his neck popped and broke. With his neck broken, the same officer violently kneed Plaintiff in the ribs.

## JURISDICTION AND VENUE

2. This case arises under 42 U.S.C. §1983, 28 U.S.C. §1346(b) and 28 U.S.C. §1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (e) in that the alleged unlawful and negligent acts occurred in the Central District and all the parties involved reside in the Central District.

## PARTIES

4. Plaintiff GUY HUDSON, brings this action as an individual. At all relevant times herein, plaintiff was a resident of Ventura County, California.

5. Defendant COUNTY OF VENTURA, is a public entity/agency duly organized and existing as such in and under the laws of the state of California. At all times mentioned herein, Defendant COUNTY OF VENTURA possessed the power and authority to adopt policies, exercise control and supervision, and prescribe rules, regulations and practices affecting the operation of the VENTURA COUNTY SHERIFF'S DEPARTMENT, the agency/branch for whom the three involved individual officers worked at the time of the incident.

6. At all times herein mentioned, Defendants SCOTT REEDER, WILLIAM MEIXNER, and CHRISTOPHER CADMAN, and Does 1-10, were and are employees of the County of Ventura, Ventura County Sheriff's Department.

7. The true names or capacities of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues those defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each such defendant is legally responsible in some manner for the events herein referred to and for the proximately caused injuries and other losses suffered by plaintiff, as herein alleged. Plaintiff will seek leave to amend this Complaint to allege the true identities and capacities of these fictitiously named defendants when they are ascertained.

8. Plaintiff is informed and believes, and thereon alleges, that each of the defendants named in this complaint, whether by true name or by fictitious name, was, at all relevant times, herein, the agent, employee, representative, or successor-in-interest of each of the remaining defendants, and that each defendant was acting within the scope and course of his or her agency, service, representation and/or employment. Plaintiff further alleges that each Defendant, for all the alleged acts and/or omissions delineated herein, ratified, approved and adopted said acts or omissions. Finally, Plaintiff alleges that the Defendant officers were engaged in a conspiracy to violate Plaintiff's constitutional rights and were acting as co-conspirators with this aim in mind.

9. As to all individual Defendants, Plaintiff alleges they acted, or failed to act consistent with their responsibilities and obligations to do so, and did so maliciously and with reckless and callous disregard for Plaintiff's health, safety, rights, freedoms and well-being and, thus, are liable for punitive damages under federal and California law.

## STATEMENT OF FACTS

10. On July 22, 2007, Plaintiff was contacted at his home at 11980 Ventura Ave, Ojai, California by three officers working for the VENTURA COUNTY SHERIFF'S DEPARTMENT following an incident with his girlfriend.

11. Plaintiff answered questions asked by the officers relative to the incident, and admitted he had been drinking and was under the influence of alcohol. After giving information about the incident to the officers, Plaintiff was told he was under arrest. On being informed of his arrest, Plaintiff stood, turned his back and maneuvered his arms behind his neck in anticipation of being cuffed. Although Plaintiff made no aggressive move of any nature toward the officers,

1 never resisted in any fashion, never raised his voice or threatened the officers, and while visibly
2 inebriated and unable to protect himself, one of the officers charged Plaintiff from behind. After
3 grabbing and securing Plaintiff, who remained compliant and nonaggressive, the officer violently
4 drove Plaintiff head-first into a rock protruding from the adjacent hillside with such force that
5 Plaintiff's neck audibly popped and his cervical spine fractured. While Plaintiff was in
6 excruciating pain from his broken neck, the officer tightened his hold on Plaintiff and drove his
7 knee hard into Plaintiff's rib cage. The names of the public employees causing claimant's
8 injuries under the described circumstances are SCOTT REEDER, WILLIAM MEIXNER, and
9 CHRISTOPHER CADMAN. At no time during the incident did Plaintiff offer any physical
10 resistance to Defendants.

11          13.     As a direct and legal result of the excessive forced used by the three officers to
12 effect the arrest, Plaintiff sustained injuries that include, as far as known as of the date of
13 presentation of this suit, multiple cervical spine fractures, injured ribs, sensory loss along the C7-
14 C6 distribution, left side, muscular atrophy, left side, generalized bruising, hip pain, tingling in
15 left hand and thumb, frequent nightmares, and partial loss of use of left arm and hand. As a
16 further direct and legal result of the assault, Plaintiff underwent an anterior discectomy/fusion and
17 a posterior laminectomy within twenty-four hours of his arrest. Plaintiff has also been required to
18 seek physical therapy, and will need additional future medical care to address the numbness and
19 sensory loss in his left upper extremity, and to ease the emotional and mental anguish the incident
20 precipitated. Future care to repair the continued problems with his neck may also be required.

21          14.     As a further direct and legal result of the injuries he sustained during the subject
22 accident, Plaintiff has lost the opportunity to advance professionally, has suffered diminution of
23 his earning capacity, full enjoyment of life, the ability to perform all job functions, the ability to
24 perform all activities of daily living, and the ability to fully engage in hobbies and sports.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. §1983 FOR VIOLATION OF FEDERAL CIVIL RIGHTS

AND EXCESSIVE FORCE)

(Against all Individual Defendants)

15.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14 as though fully set forth herein.

16.     This action at law for money damages arises under Title 42 U.S.C. §1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth and Fourteenth Amendments of the United States Constitution.

17.     Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants SCOTT REEDER, WILLIAM MEIXNER, and CHRISTOPHER CADMAN, and Does 1-10, and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him against unreasonable and excessive force by the Fourth and Fourteenth Amendments of the United States Constitution.  Under the circumstances that existed at the time of his arrest, Defendants knew or should have known that absolutely no justification for use of any force existed.  Specifically, no force was warranted to blunt or prevent any aggressive behavior displayed by Plaintiff, no force was required to effect the arrest of Plaintiff, and no force was required to stop Plaintiff from attacking or hurting others, including the involved officers.  Given the circumstances extant at the time of Plaintiff's arrest, the involved officers knew that voice commands were sufficient to direct Plaintiff's cooperation during the arrest procedure.

18.     As a direct and legal result of the acts and omissions claimed herein committed by Defendants, Plaintiff suffered bodily injury and was required to employ physicians to examine, treat and care for him, and plaintiff incurred medical and related expenses for his care and treatment.  Plaintiff is informed and believes that he will continue to require medical treatment and that he will incur additional medical expenses and other damages as a result of the incident. In addition, plaintiff has suffered, and will continue to suffer, other general and special damages, including but not limited to permanent physical injuries, loss of earnings and diminished ability to work, medical expenses, costs of suit, and attorney fees, all according to proof at trial.

19.     These Defendants' acts were knowing, willful, malicious, intentional, oppressive,

reckless and/or were done in willful and callous disregard of the rights, welfare and safety of Plaintiff. Accordingly, an award of punitive damages is justified.

### SECOND CLAIM FOR RELIEF

(42 U.S.C. §1983 FOR SUPERVISORY VIOLATION OF FEDERAL

CIVIL RIGHTS AND EXCESSIVE FORCE)

(Against all Defendants)

20. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19 as though fully set forth herein.

21. This action at law for money damages arises under Title 42 U.S.C. §1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth and Fourteenth Amendments of the United States Constitution.

22. Defendant COUNTY OF VENTURA is and at all times mentioned herein has been a public entity/agency duly organized and existing as such in and under the laws of the state of California. At all times mentioned herein, Defendant COUNTY OF VENTURA possessed the power and authority to adopt policies, exercise control and supervision, and prescribe rules, regulations and practices affecting the operation of the VENTURA COUNTY SHERIFF'S DEPARTMENT, the agency/branch for whom the three involved individual officers worked at the time of the incident, including its tactics, methods, practices, customs, and usages related to the arrest and detention of suspects, and the proper use of force by its rank and file.

23. At all times mentioned herein, the COUNTY OF VENTURA, and Does 1-10, and each of them, was responsible for and had control and supervision over those members of the VENTURA COUNTY SHERIFF'S DEPARTMENT who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments of the United States Constitution. The COUNTY OF VENTURA further failed to ensure and demand the adequate training, supervision, and control of the involved officers in the exercise of their duties as officers.

1. The failure to do so led to the injuries suffered by Plaintiff.

24. In addition, the County of Ventura knowingly and deliberately fostered, maintained and condoned policies, practices and customs, or otherwise acted in a manner that was deliberately indifferent to the constitutional rights of Plaintiff and that such policies, practices, customs and/or actions were a direct and legal cause of Plaintiff's injuries. The policies, practices, customs and actions included, but are not limited to, knowingly and deliberately failing to properly train, discipline, supervise or control the involved officers regarding the use of force, when circumstances warrant the application of force, and how to display restraint when an arrestee is cooperative and compliant with voice commands, mooting any need to apply physical force beyond the attachment of handcuffs.

25. Based on the custom and practice of condoning, allowing, tolerating and ratifying constitutional violations and a failure to adequately train and discipline the involved officers, Plaintiff's constitutional rights were violated, and excessive and unnecessary force was applied during the arrest procedure, with said excessive and unnecessary force causing Plaintiff to suffer severe and permanent injuries, including but not limited to, a broken neck, medical expenses, attorney fees, costs of suit, loss of earnings and earnings capacity, and future damages not yet ascertained.

26. The aforementioned acts of the individual Defendants, SCOTT REEDER, WILLIAM MEIXNER, and CHRISTOPHER CADMAN, and Does 1-10, were willful, wanton, malicious and oppressive, and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff. Accordingly, an award of exemplary and punitive damages as to these Defendants is justified

### THIRD CLAIM FOR RELIEF

(VIOLATION OF CIVIL CODE §52.1)

(Against all Individual Defendants)

27. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26 as though fully set forth herein.

28. Defendants interfered with Plaintiff's rights under state and federal law and under

- 7 -

1  the state and federal constitutions, including but not limited to, Plaintiff's right to be free from
2  excessive and unnecessary force during an arrest procedure.

3  29. As a direct and legal result of the acts and conduct of each Defendant, Plaintiff
4  sustained damages, including physical injuries, the loss of earnings and earnings capacity, the
5  compromise of his ability to work in the future, the loss of his enjoyment of life, severe and
6  permanent emotional and mental distress, medical expenses, attorney fees, costs of suit and future
7  damages and injuries still evolving in an amount and of a nature and degree not yet determined.

8  30. The aforementioned acts of the individual Defendants, SCOTT REEDER,
9  WILLIAM MEIXNER, and CHRISTOPHER CADMAN, and Does 1-10, were willful, wanton,
10 malicious and oppressive, and were done in willful and conscious disregard of the rights, welfare
11 and safety of Plaintiff. Accordingly, an award of exemplary and punitive damages as to these
12 Defendants is justified.

## FOURTH CLAIM FOR RELIEF

### (BATTERY)

(Against all Individual Defendants)

31. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff asserts a claim of battery against these Defendants based upon their unlawful touching of Plaintiff, which was the direct and legal cause of the damages to Plaintiff.

33. As a direct and legal result of the acts and conduct of each Defendant, Plaintiff sustained damages, including physical injuries, the loss of earnings and earnings capacity, the compromise of his ability to work in the future, the loss of his enjoyment of life, severe and permanent emotional and mental distress, medical expenses, attorney fees, costs of suit, and future damages and injuries still evolving in an amount and of a nature and degree not yet determined.

34. The aforementioned acts of the individual Defendants, SCOTT REEDER, WILLIAM MEIXNER, and CHRISTOPHER CADMAN, and Does 1-10, were willful, wanton, malicious and oppressive, and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff. Accordingly, an award of exemplary and punitive damages as to these

1 | Defendants is justified.

## FIFTH CLAIM FOR RELIEF

### (NEGLIGENCE)

### (Against all Defendants)

35. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, owed a duty of care towards Plaintiff, such that they were required to use reasonable care and caution to see that Plaintiff was not harmed or injured by their acts or omissions. Defendants failed to exercise the requisite degree of care and caution required by the circumstances, and said failure to do so was a substantial factor in causing the damages and injuries Plaintiff suffered.

37. As alleged herein, Plaintiff is further informed and believes and thereon alleges that all Defendants negligently failed to supervise, control, hire, train, and/or monitor the individual officers involved in the arrest of Plaintiff, and that such failure was a substantial factor in causing the damages and injuries Plaintiff suffered.

38. That as a direct and legal result of the negligence of the Defendants, and each of them, Plaintiff sustained damages, including physical injuries, the loss of earnings and earnings capacity, the compromise of his ability to work in the future, the loss of his enjoyment of life, severe and permanent emotional and mental distress, medical expenses, attorney fees, costs of suit, and future damages and injuries still evolving in an amount and of a nature and degree not yet determined.

## SIXTH CLAIM FOR RELIEF

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (Against all Defendants)

39. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38 as though fully set forth herein.

40. The actions or omissions of these Defendants in these circumstances constituted

extreme and outrageous conduct. As a direct and legal result of said acts and omissions as alleged herein, Plaintiff suffered severe emotional shock to his nervous system.

41. The outrageous conduct delineated herein was intended to cause Plaintiff emotional distress, or Defendants acted with reckless disregard of the probability that it would do so. The acts of the involved officers was a substantial factor in causing Plaintiff to suffer severe emotional distress, and all Defendants knew or should have known that the lack of training, supervision, and control would probably result in a situation similar in nature to the circumstance that caused harm to Plaintiff.

42. That as a further direct and legal result of the acts and omissions of the Defendants, and each of them, Plaintiff sustained damages, including physical injuries, the loss of earnings and earnings capacity, the compromise of his ability to work in the future, the loss of his enjoyment of life, severe and permanent emotional and mental distress, medical expenses, attorney fees, costs of suit, and future damages and injuries still evolving in an amount and of a nature and degree not yet determined.

43. The aforementioned acts of the individual Defendants, SCOTT REEDER, WILLIAM MEIXNER, and CHRISTOPHER CADMAN, and Does 1-10, were willful, wanton, malicious and oppressive, and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff. Accordingly, an award of exemplary and punitive damages as to these Defendants is justified.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests a jury trial and prays for judgment against defendants, and each of them, as follows:

1. For all medical expenses, incurred and to be incurred;
2. For lost wages and diminished earnings capacity;
3. For general compensatory damages according to proof;
4. For punitive damages as provided by law, in an amount to be proved against each individual Defendant;

COMPLAINT FOR DAMAGES

5. For attorney's fees pursuant to 42 U.S.C. §1988, California Civil Code §52.1, and/or California Code of Civil Procedure §1021.5.

6. For such other and further relief as the Court may deem just and proper.

Dated: January 9, 2008　　　　　　　　　　　　NYE, PEABODY, STIRLING & HALE, LLP

_____
Clark T. Stirling
Timothy Hale
Attorneys for Plaintiff GUY HUDSON

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff GUY HUDSON respectfully demands that a trial by jury be conducted with respect to all issues presented herein.

Dated: January 9, 2008

NYE, PEABODY, STIRLING & HALE, LLP

Clark T. Stirling
Timothy Hale
Attorney for Plaintiff GUY HUDSON

**COMPLAINT FOR DAMAGES**