```
 1  Alan E. Wisotsky (SBN 68051)
    Jeffrey Held (SBN 106991)
 2  LAW OFFICES OF ALAN E. WISOTSKY
    300 Esplanade Drive, Suite 1500
 3  Oxnard, California  93036
    Tel:    (805) 278-0920
 4  Fax:    (805) 278-0289
    E-mail: lawyers@wisotskylaw.com
 5
    Attorneys for Defendants COUNTY OF
 6  VENTURA, VENTURA COUNTY SHERIFF'S
    DEPARTMENT, SCOTT REEDER, WILIAM MEIXNER,
 7  and CHRISTOPHER CADMAN
```

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

| | | |
|---|---|---|
| 11 | GUY HUDSON, ) | No. CV 08-00152 SVW (MANx) |
| 12 | Plaintiff, ) | **[PROPOSED] STIPULATED** |
| | ) | **PROTECTIVE ORDER** |
| 13 | v. ) | |
| 14 | COUNTY OF VENTURA, et al., ) | NOTE: CHANGES MADE BY THE COURT |
| 15 | Defendants. ) | TO PARAGRAPHS 12 AND 15 |
| 16 | ) | |

(Note: "PROPOSED" is struck through in paragraph 12's caption.)

17

18      1.   This stipulated order is entered into by and on behalf of
19 the parties, as evidenced by the signatures of their attorneys
20 below.

21      2.   Plaintiff has demanded the personnel files of the three
22 deputy sheriffs named as individual defendants in this case of
23 alleged excessive force.

24      3.   Plaintiff cites Central District precedent as supporting
25 his request for any disciplinary and complaint history of the
26 individual deputy defendants, these authorities being *Miller v*
27 *Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992); *Ramirez v County of Los*
28 *Angeles*, 231 F.R.D. 407 (C.D. Cal. 2005); and *Taylor v LAPD*, (C.D.

Cal. 1999) [not officially reported but cited and relied upon in *Ramirez*].

4. Plaintiff also bases his demand upon Ninth Circuit cases, *Breed v U.S. District Court*, 542, F.2d 1114 (9th Cir. 1976) and *Kerr v United States District Court*, 511 F.2d 192 (9th Cir. 1975).

5. Plaintiff acknowledges that any private, personal information drawn from the deputies' files is undiscoverable, such as home addresses, medical care, psychoanalytical analyses, spouses' information, salaries, birth dates, social security numbers, county identification numbers and assignments.

6. Under the case law cited in this order, plaintiff shall receive, subject to the conditions described in the following paragraphs, portions of each of the three deputies personnel files consisting of citizen's complaints, departmentally initiated complaints, other agency complaints, documents of discipline or reprimand, names and addresses of complaining witnesses, letters of commendation, promotions, training files, academy records and *Brady v Maryland*.

7. The enumeration of items in number six above does not imply that any such documents exist.

8. If there are any such complaining witnesses, defendants herein are not liable for the disclosure of their names, addresses, phone numbers, or the contents of their complaints, as their submission of their complaints injected them into the public light and disclosure in the interests of plaintiff's claimed constitutional rights herein outweighs their privacy protection.

9. The material thus disclosed, if any, must be kept private and confidential, not disclosed to anyone or any entity for any

2

reason, either directly or indirectly, except as described in the following subdivisions of this paragraph.  By "indirectly" it is meant referring someone to a proceeding, such as a deposition, motion, or trial in which the material or data derived from it is contained.  This confidentiality provision applies equally to any document or item and to the data derived from it.

       (a)   Plaintiff's counsel of record;
       (b)   Plaintiff;
       (c)   Plaintiff's counsel's office staff;
       (d)   Expert witnesses;
       (e)   Court reporters; and,
       (f)   Court personnel.

    10.  Anyone not specified in number 9(a), 9(c) and 9(f) must sign a document prepared by plaintiff's counsel acknowledging that he or she has received the documents or data derived from them, agrees to be bound by this order and providing a printed name, address, and phone number.

    11.  The documents (and data derived therefrom) to be provided by this order, can only be used in furtherance of this litigation.

    12.  All recipients of the documents (and data derived therefrom), <u>except the Court,</u> must be destroyed by shredding at the conclusion of this litigation (defined as settlement, dismissal or expiration of any appeal period) without a request from defendants. Plaintiff's counsel must notify all signing recipients of the case's conclusion.

    13.  The documents (and items, if any), provided hereunder must be sequentially Bates stamped starting with 2000, but need not be described or identified.

14. Any supplemental state law claims which may be adjudicated in state court are also subject to the nondisclosure provision of this order.

15. This order is valid when signed by the Honorable ~~Steven V. Wilson~~ Margaret A. Nagle.

16. Any violation of this order is punishable as contempt of court.

17. None of the documents or data derived from them may be used in any other litigation or proceeding.

IT IS SO STIPULATED.

Dated: March ____, 2008

                NYE, PEABODY, STIRLING & HALE

                By:_____/s/_____
                    CLARK T. STIRLING,
                    Attorneys for Plaintiff
                    GUY HUDSON

Dated: March ____, 2008

                LAW OFFICES OF ALAN E. WISOTSKY

                By:_____/s/_____
                    JEFFREY HELD
                    Attorneys for Defendants
                    COUNTY OF VENTURA, VENTURA
                    COUNTY SHERIFF'S DEPARTMENT,
                    SCOTT REEDER, WILLIAM MEIXNER
                    and CHRISTOPHER CADMAN